IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY AARON LIVELEY                                                                         PLAINTIFF

     v.                                       Civil No. 3:21-cv-03023
                                                                   3:21-cv-03051

CORPORAL ANDREW HOLLIS,
Baxter County Detention Center ("BCDC");
CORPORAL DALTON MORRISON,
Former employee of the BCDC;
SERGEANT STEVEN GOODE, BCDC;
SERGEANT ETHAN RAYMOND, BCDC;
CORPORAL RYAN CLARK, BCDC; and
NURSE SIERRA HOLLIS, BCDC                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

      Plaintiff, Timothy Aaron Liveley ("Liveley"), currently an inmate of the East Arkansas Regional Unit of the Arkansas Department of Corrections, filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 1, 2, 4). Pursuant to the Court's Order (ECF No. 6), Liveley filed an Amended Complaint on July 19, 2021. (ECF

1

No. 11).[1]

## I. BACKGROUND

Plaintiff's Amended Complaint concerns events that allegedly occurred in December 2020, while Liveley was an inmate at the Baxter County Detention Center ("BCDC"). (ECF No. 11). His first claim is stated against Andrew Hollis, with a date of occurrence of December 13, 2020. (ECF No. 11 at 5). Liveley states, "I was told by Andrew Hollis that someone in the Baxter County Detention Center wanted to 'Beat my Ass." *Id*. He further alleges: "Andrew Hollis told another person in the same pod as myself that I 'had a hit out on me' (meaning that someone in BCDC wanted to 'beat my ass.') I did not incur any physical injury because the person that Hollis told this to was my friend thankfully. Knowing that Hollis was broadcasting the 'hit' on me did however put me in mental physical psychological stress and anguish." (ECF No. 11 at 6). This claim is asserted against Hollis in both his official and individual capacity. *Id*. With respect to the official capacity claim, when asked to describe the "custom, policy, or widespread practice that you believe caused the violation of your constitutional rights," Liveley states: "The employees at the Baxter County Detention Center tell inmates of there choosing, who are snitching, sex offenders, things like that to get them beat up." *Id*.

Plaintiff's second claim is stated against Steven Goode, Dalton Morrison, Eathen Raymond, and Sierra Hollis. The claim is for denial of medical care, and Liveley states the dates of occurrence as "12-24-2020 – 12-29-2020." (ECF No. 11 at 7). He complains that he had a

---

[1] An Order was entered on July 21, 2021, consolidating this matter with a separate action filed by Plaintiff, *Liveley v. Hollis, et al.*, Civil No. 3:21-cv-03051. The Court noted that Plaintiff asserted three identical claims in the two actions, with an additional fourth claim contained in Case No. 3:21-cv-03023. Case No. 3:21-cv-03023 will serve as the lead case and all future pleadings will be filed therein. Finally, the Amended Complaint (ECF No. 11) filed on July 19, 2021, in Case No. 3:21-cv-0323, will be used to screen all claims. (ECF No. 12).

2

"second staff infection . . . on my arm right next to the still healing first staff infection." He states that the Defendants denied his requests to go to the ER and denied him band aids and cleaning supplies. *Id*. He further alleges that his arm "is physically scarred," and "I also had severe stress mental psychological anguish, because I know if staff gets in your blood it can or will kill you." *Id*. This claim is made against the Defendants in both their official and individual capacities, with Liveley adding that "[a]t the Baxter County Detention Center they do not believe in taking anyone to the E.R." (ECF No. 11 at 8).

Plaintiff's third claim is stated against Ryan Clark. It appears to be a claim concerning his conditions of confinement, and he states that this claim is: "To not be housed in the same pod or barracks as sex offenders or ADC sentenced inmates." (ECF No. 11 at 8). He further alleges: "I witnessed a horrible fight between a convicted and accused sex offender, and a guy that was already sentenced to ADC. Ryan Clark is who put the sex offender in the pod I was in A-Pod. I was mentally traumatized from this instance. One of the guys in the fight had to be life-flighted to Springfield, MO, the fight lasted for over 7 minutes." *Id*. at 9. This claim is made against Clark in both his official and individual capacity. *Id*. Specifically, with respect to the official capacity claim, Plaintiff states: "By the Baxter County Detention Center housing sex offenders & ADC sentenced people in general population pods." *Id*.

Plaintiff's fourth claim is stated against Steven Goode. (ECF No. 11 at 10). Liveley asserts that Goode "released all my property with/out my consent or permission." *Id*. He further states: "Goode did not do as I stated on a property release form and just release 1 item - (my debit card) – he released all my belongings which I did not consent to." *Id*.

Plaintiff seeks compensatory and punitive damages as relief for his claims. (ECF No. 11

at 11).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* plaintiff must, however, allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). To state a viable claim, plaintiff must establish that each defendant "personally violated plaintiff's constitutional rights." *Jackson*, 747 F.3d at 543 (citation omitted).

### A. First and Third Claims

Neither Liveley's first nor third claims state a claim upon which relief can be granted. According to the Courts, slander, defamation, and humiliation, while unprofessional and distasteful conduct, do not state a constitutional violation. "[D]efamation, *per se*, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

Similarly, "[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).

Further, an inmate has no constitutional right to be housed in a certain barrack or housing unit, or with certain inmates. *Cf. Meachum v. Fano*, 427 U.S. 215, 225 (1976) (Due Process Clause does not foreclose State's right to assign or transfer inmate to any state prison); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no right under Due Process Clause to be housed in a certain barrack or housing unit, or with certain inmates). In addition, prisoners generally have no constitutionally protected liberty interest in their placement

and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

Finally, to the extent Plaintiff's claims could be interpreted as one for a failure to protect, he fails to allege sufficient facts to state a claim. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) show that prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure that the deprivation is a violation of a constitutional right. *Id*. The second prong, however, is subjective and requires a showing that the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong; instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Damages for mental or emotional harm are not

6

available absent a prior showing of physical injury. *Royal v. Kautzky*, 375 F.3d 720, 722 (8th Cir. 2004) (citing 42 U.S.C. 1997e(e)).

Assuming, for the purposes of screening only, that Liveley's allegations satisfy the first prong of the test, his first and third claims still fail for two reasons. First, his claim does not satisfy the second prong of the test because he does not allege that the Defendants "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Holden*, 663 F.3d at 341 (quoting *Farmer,* 511 U.S. at 837). Second, Liveley does not allege that he suffered any physical injury, *de minimis* or otherwise.

### B.  Fourth Claim

Plaintiff's fourth claim, which concerns the alleged unauthorized release of his personal property/belongings, also fails to state a claim and is subject to dismissal.

The Due Process Clause of the Fourteenth Amendment provides that "'[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1). "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established governmental procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of

due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the [government], in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id*.

Liveley alleges personal property items were taken from him or released without his authorization. He points to no established policy, procedure, or custom that resulted in the alleged deprivation. Even if one or more of the Defendants intentionally deprived Plaintiff of his property, a post-deprivation remedy is all the process Plaintiff is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas law provides such a post-deprivation remedy through an action for conversion. *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Because Plaintiff has a recognized state remedy, an action for conversion, no cognizable due process or other constitutional claim for deprivation of personal property is stated.

### IV.   CONCLUSION

For the foregoing reasons, it is recommended that Liveley's first, third and fourth claims, as stated in his Amended Complaint, be dismissed without prejudice. *See* 28 U.S.C. § 1915A(b). It is further recommended that the remaining claim for denial of medical care proceed against Separate Defendants Steven Goode, Dalton Morrison, Eathen Raymond, and Sierra Hollis, with service to be effectuated by separate order.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 4th day of August 2021.

*/s/* *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE