IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY AARON LIVELEY                                                                    PLAINTIFF

v.                         Civil No. 3:21-cv-03023-TLB-MEF

CORPORAL ANDREW HOLLIS, et al.                                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Timothy Aaron Liveley, proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 4). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On March 18, 2022, the Defendants filed a Motion for Summary Judgment and supporting Statement of Facts and Memorandum Brief. (ECF Nos. 29, 30, 31). The Plaintiff was directed to respond to the motion by April 18, 2022. (ECF No. 32). Plaintiff was further advised "that failure to timely and properly comply with this Order will result in (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." *Id*. Plaintiff has not responded to the Defendants' motion. The Court's Order directing a response was not returned to the Court as undeliverable.

On April 25, 2022, a Show Cause Order was entered directing Plaintiff to respond to the Court by May 16, 2022, as to why this matter should not be dismissed. (ECF No. 33). The Court's

1

Show Cause Order specifically provides: "If Plaintiff fails to respond by the deadline, this case shall be subject to dismissal." *Id.* Plaintiff has not responded to the Show Cause Order, and the Order was not returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

IT IS SO ORDERED this 24th day of May 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE